Atlantic Coast Line Railroad Company, a Corporation *Plaintiff in Error*, v. Emil Mach and Ernest Mach, Doing Business as Mach Brothers, Lumber and Crate Mill, *Defendants in Error*.

### En Banc.

### Opinion Filed July 29, 1926.

1. In an action at law by the consignor against a common carrier for delay in delivery and damage to the contents of a

car of crate material, where the evidence shows that usual time required for transportation of a car from the receiving point to the destination point is twenty-four hours and that the shipment did not arrive at destination for several days and that it arrived in a different car from the one in which it left shipping point, having been transferred because of accident en route, and that the consignee refused to receive car on account of delay and the damaged condition of contents, such evidence is sufficient to take the case to the jury, and to support a verdict for the plaintiff.

2. Where evidence shows that crate material was to be used for the shipment of citrus fruit and that delivery of material was delayed by the common carrier, defendant in an action by shipper for delay in transportation, evidence as to the date of closing of citrus fruit shipping season is admissible to illustrate the value of the material at the time of arrival at destination.

3. Testimony of consignor of crate material which he delivered to common carrier for transportation, that on account of delay in delivery by the common carrier, he delivered by truck to the consignee other crate material during the time the shipment should have arrived, is material as tending to show delay on part of common carrier.

4. Unnecessary words in a charge of the court which do not tend to improperly influence the jury in consideration of the evidence and are not prejudicial to the complaining party are not reversible error.

A Writ of Error to the Circuit Court for Osceola County; C. O. Andrews, Judge.

Judgment affirmed.

*W. B. Crawford and Alexander Akerman,* for Plaintiff in Error;

*Victor Hutchins and R. S. Field,* for Defendants in Error.

KOONCE, Circuit Judge.—Mach Brothers sued The Atlantic Coast Line Railroad Company in the Circuit Court of Osceola County alleging that a shipment of a carload of crate material from Kissimmee, Florida, consigned to Oscar Roper of Winter Garden, Florida, was so delayed in transportation and so damaged en route by and through the carelessness and negligence of the defendant that such shipment was refused by the consignee, and that the material was a total loss to the plaintiffs. Judgment for plaintiffs, and defendant brings writ of error.

The first assignment of error is the refusal or the overruling and denying of defendant's motion for new trial.

Second assignment is refusal of the court to grant defendant's motion to direct a verdict for the defendant at the conclusion of the evidence submitted in the case by the respective parties.

These two assignments may be considered together. No evidence was offered by the defendant at the trial. It is insisted both as grounds for directed verdict and on motion for new trial, that there was no evidence as to the time of arrival of the car at destination. The evidence shows that the usual time for transporting a car from Kissimmee to Winter Garden was twenty-four hours, but that this car did not reach its destination for several days. It further appears that as a matter of fact the car was never delivered or offered for delivery at Winter Garden, the point of destination, but that it ultimately reached a station called ''Brayton,'' which appears to be a suburb of Winter Garden—and that it was at this point refused for acceptance by the consignee on account of delay and *damaged condition* of the *contents of the car.* It further appears from the

evidence that the material arrived at Brayton in a "Southern" car, having left Kissimmee in an "A. C. L." car, transfer having been made on account of a wreck en route. There was sufficient evidence to submit to a jury, and having been substituted, there was sufficient evidence to support the verdict.

The third assignment of error is to the admission of evidence as to the time of closing of season for shipping citrus fruit. If crate material intended for use in shipment of citrus fruit should be delayed in delivery 'till after the close of shipping season, there would be a natural depreciation in the market value of such material, and evidence as to the time of closing of such season was admissible as tending to illustrate the value of the material at the time of arrival at destination.

The fourth assignment of error is to the admission in evidence over defendant's objection, of testimony of Ernest Mach that they (plaintiffs) had delivered crates to the consignee by truck. The testimony was relevant as tending to show that the consignee had not received the shipment from the railroad company.

Fifth assignment of error relates to the court's charge. Including in the charge the words "and the railroad company was notified it was a rush order' could in no manner unduly influence the jury in consideration of the evidence. When words are used in a charge which are unnecessary, but which do not tend to improperly influence the jury in consideration of the evidence, such words will be taken as harmless error.

The judgment of the Circuit Court is affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as

its opinion, it is considered, ordered and adjudged by the Court that the decree of the Circuit Court in this cause should be, and the same is hereby affirmed.

BROWN, C. J., AND WHITFIELD, ELLIS, TERRELL, STRUM AND BUFORD, J. J., concur.